FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

00 APR 10 PM 4:46

SIGN_____

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD SMITH | CIVIL ACTION NO. 00-271-B-M2 |
| | DIVISION _____ |
| VERSUS | |
| | JURY TRIAL DEMANDED |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS | FILED: _____ |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

The complaint of EDWARD SMITH, a resident of the full age of majority of East Baton Rouge Parish, State of Louisiana, respectfully represents:

1.

Made defendant herein:

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, an agency of the State of Louisiana, having the power to sue and be sued, domiciled within the territorial jurisdiction of the Middle District of Louisiana.

2.

Jurisdiction is proper under 42 U.S.C. § 12117 (adopting 42 U.S.C. § 2000e-5), the Americans with Disabilities Act, and 28 U.S.C. § 1367 for pendent claims arising under state law.

3.

Venue is proper in the Middle District of Louisiana because the defendant is located in the Middle District and a substantial part of the events giving rise to this cause of action occurred in the Middle District, all pursuant to 28 U.S.C. § 1391(b).

4.



3:00-cv-00271 1 - 1
DATE: 04/10/00   DEPUTY CLERK: NL

On July 28, 1997 plaintiff applied for the position of security officer. Three other applicants also applied.

5.

Mr. Smith was interviewed twice, the latest of which was on January 21, 1998. After two interviews Mr. Smith was not granted the position. No reason was tendered by the defendant for not offering plaintiff the position.

6.

Mr. Smith has previous experience as a correctional officer, exceeding seven (7) years. Of the other three applicants, two mere merely cadet entry level person, and the other only had three years of experience.

7.

Plaintiff was a qualified individual with disability under the provisions of the American's with Disabilities Act and the Louisiana Employment Discrimination Act.

8.

Plaintiff was a member of the class protected by the American's with Disabilities Act and the Louisiana Employment Discrimination Act, because he (1) had an actual impairment, (2) had a record of an impairment, and (3) was perceived as having an impairment which substantially limited a major life function (sight).

9.

Plaintiff had a record of impairment as a result of a work related accident resulting in a loss of 95% of his sight in his left eye.

10.

Plaintiff believes he was not hired because of his disability or, in the alternative, in

retaliation for previously filing a charge of discrimination against defendant, which was concluded effective June 12, 1997.

11.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on March 10, 1998.

12.

A right to sue letter was issued by the Equal Employment Opportunity Commission on March 28, 2000, and this suit was filed within 90 days thereof.

13.

Defendant's activities were intentional, malicious and in gross disregard for plaintiff's rights under the American's With Disabilities Act and the Louisiana Employment Discrimination Act.

14.

Plaintiff has suffered damages from the failure to hire, including loss of past and future income, loss of past and future benefits, and emotional and mental distress.

15.

Plaintiff is entitled to equitable relief of being ordered into the next available position with defendant for which he applied (and an adjustment of the hire date for seniority and longevity purposes), or for front pay to compensate him for the failure to hire.

16.

Plaintiff is entitled to attorney's fees and all costs of this proceeding under the act.

17.

Plaintiff is entitled to trial by jury.

WHEREFORE, plaintiff, EDWARD SMITH, prays that this Honorable Court, after all due proceedings, render judgment in his favor against LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, for damages in an amount to be proven at trial, back pay, front pay, attorney's fees as are appropriate, and all costs of these proceedings together, with all other general and equitable relief as requested herein.

Baton Rouge, Louisiana, this 10th day of April 2000.

RESPECTFULLY SUBMITTED:

_____
Richard P. Bullock, Esq.
La. Bar Roll No. 20,733
509 St. Louis Street
Baton Rouge, LA 70802
(225) 343-7753

\\Sec\mah\DocsMH\Civil\Smith, Edward Complaint.wpd

**U.S. Department of Justice**

Civil Rights Division

---

DJ 295-32M-

*Disability Rights Section*
*P.O. Box 66738*
*Washington, DC 20035-6738*

MAR 28 2000

<u>Certified Mail</u>
<u>Returned Receipt Requested</u>

Mr. Edward Smith
2862 73rd Avenue
Baton Rouge, Louisiana  70811

    Re:  Edward Smith v. State of Louisiana, through the
         Department of Public Safety (Jetson Correctional
         Center for the Youth)
         <u>EEOC Charge Number 270981566</u>

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Dear Mr. Smith:

    The Equal Employment Opportunity Commission ("EEOC") referred this matter to the Department of Justice upon completion of its investigation of your charge of discrimination.  The Civil Rights Division of the Department of Justice has completed its review of the matter and determined not to file suit.  This should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious.

    You are hereby notified that conciliation on your case was unsuccessful by the EEOC.  <u>You are further notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq., against the above-named Respondent.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.</u>

    Therefore, if you wish to pursue this matter, you should consult an attorney at your earliest convenience.  If you are unable to locate an attorney, you may wish to contact the EEOC or apply to the appropriate court, since that court may appoint an

-2-

attorney in appropriate circumstances pursuant to Section 706(f)(1) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), referenced in Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

We are returning the files in this matter to the EEOC's District office in New Orleans. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please address your inquiry directly to:

> Patricia T. Bivins
> Equal Employment Opportunity Commission
> New Orleans District Office
> 701 Loyola Avenue, Suite 600
> New Orleans, Louisiana 70113
> (504) 589-2329

Sincerely,

Mary Lucia Blacksher
Disability Rights Section

cc: Equal Employment Opportunity Commission
New Orleans District Office